UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

HART OIL & GAS, INC.,

                                                                                No. 11-12-13558 TA

    Debtor.

## MEMORANDUM OPINION

This matter is before the Court on the Interim Chapter 11 Trustee's (the "Trustee's") motion to employ William F. Davis & Associates, P.C. (the "Davis Firm") as special counsel pursuant to 11 U.S.C. § 327(e) (the "Motion"). Various parties objected to the Motion, and the Court held an evidentiary hearing on July 31, 2013. As discussed below, the Court finds that the Motion should be denied because the proposed scope of employment would be representing the Trustee in "conducting the case" and because the Davis Firm has a disqualifying conflict of interest.

### I.     FACTS

The Court finds the following facts:

1.     Debtor commenced this Chapter 11 case on September 25, 2012.

2.     Debtor filed an application to employ William F. Davis & Associates, P.C. (the "Davis Firm") as its counsel on the same date. An order approving the application was entered October 23, 2012.

3.     The Court entered a Stipulated Order on United States Trustee's Motion for Appointment of Chapter 11 Trustee on June 21, 2012. Three days later the Trustee was appointed.

4.     In the Motion, filed July 18, 2013, the Trustee stated that he wished to employ the Davis Firm as special counsel to:

a. Assist the Trustee in pursuing confirmation and implementation of a Plan, including assisting in the preparation, filing, and noticing of a chapter 11 plan and disclosure statement on behalf of the Trustee;
b. Represent the Trustee at hearings and in negotiations concerning the Trustee's chapter 11 plan and disclosure statement;
c. Assist in the preparation of any amendments, modifications, or supplements to the Trustee's chapter 11 plan and disclosure statement;
d. Represent the Trustee in any negotiations and hearings regarding the two proofs of claim objections filed against MMS Energy and Wayman Corporation (Doc. No. 182 and 183) ("Claim Objections");
e. Assist in the preparation, filing, and noticing of any responses to the Claim Objections;
f. Represent the Trustee at hearings and in negotiations concerning the Claim Objections;
g. Assist in the preparation, filing, and noticing of any further pleadings or orders regarding the Claim Objections;
h. Represent the Trustee at hearings and in negotiations regarding the estimation of the MMS Energy and Wayman Corporation claims for voting and payment;
1. Assist in the preparation, filing, and noticing of any objections or responses to any other plan or disclosure statement filed in this case;
J. Represent the Trustee at hearings and in negotiations regarding any other plan or disclosure statement filed in this case; and
k. Assist the Trustee with other matters as requested by the Trustee concerning any Disclosure Statements, Plans or claims by MMS and Wayman.

5. Objections to the Motion were filed by Ad Hoc Committee of Unsecured Creditors (the "Ad Hoc Committee"), doc. 224; the Citizens Bank of Kilgore, doc. 232; the Unsecured Creditors' Committee, doc. 233; and the United States Trustee's Office (the "UST"), doc. 234.

6. The Davis Firm filed a fee application on July 19, 2013, seeking approval of $161,663.11 in fees charged to the Debtor, and authority for the Trustee to pay the Davis Firm the unpaid balance of $116,617.11.

-2-

7. The Trustee filed a Liquidating Plan on July 26, 2013, together with a draft disclosure Statement. Both documents were prepared by the Davis Firm.

8. On the same date the Trustee filed a Motion Pursuant to 11 U.S.C. § 363(b) for Order Approving Sale of the Debtor's Navajo Nation Leases and Personal Property Free and Clear of all Claims to Palo Petroleum, Inc. (the "363 Motion"). The Davis Firm prepared the 363 Motion.

9. MMS Energy, LLC and Wayman Company filed a joint motion for temporary allowance of their claims for voting purposes. On July 31, 2013, the Trustee objected to the temporary allowance motion (the "Temporary Allowance Objection"). The Davis Firm prepared the objection.

10. The Temporary Allowance Objection is important to the Trustee's efforts to confirm his Liquidating Plan, because MMS Energy, LLC and Wayman Company together assert claims equal to about half of the unsecured claims pool, and thus likely could cause the general unsecured creditors to vote against the Trustee's Liquidating Plan.

11. The evidence admitted at the final hearing on the Motion makes clear that the 363 Motion, the Liquidating Plan, and the Temporary Allowance Objection are all related to the Trustee's efforts to obtain confirmation of his Liquidating Plan.

12. The Davis Firm has never sought to withdraw from representing the Debtor, and there is no evidence that the Debtor would consents to such a withdrawal, or consents to the Motion.

II. DISCUSSION

A. Section 327(e)'s Requirements. Section 327(a) authorizes a trustee to employ as general counsel an attorney who is a "disinterested person" and does not hold

-3-

or represent an interest adverse to the bankruptcy estate. 11 U.S.C. § 327(a). Section 327(e), on the other hand, authorizes a trustee to employ as "special counsel" an attorney who is ineligible for employment under §327(a). Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

In *In re Potter*, 2009 WL 2922850, at *1 (Bankr. D.N.M. 2009), the court set out four requirements for § 327(e) employment:

> 1) the proposed special counsel must have represented the debtor previously;
>
> 2) the proposed special counsel must be employed by the trustee only for a limited, special purpose;
>
> 3) the proposed representation must be in the best interest of the estate; and
>
> 4) there must be no conflict with the debtor or the estate arising from the matter(s) for which the trustee seeks to engage special counsel.

2009 WL 2922850, at *1. *See also In re Running Horse, LLC*, 371 B.R. 446, 451 (Bankr. E.D. Cal. 2007) (articulating the same requirements, except for the previous representation of the debtor). With respect to the "no conflict" requirement, some courts have been unwilling to approve § 327(e) employment if the proposed retention would violate state law rules of professional conduct. *See e.g. In re Neuman,* 138 B.R. 683, 687 (S.D.N.Y. 1992) (citing *In re Bohack Corp.,* 607 F.2d 258 (2d Cir. 1979), the bankruptcy court held that employment under 327(e) should not be approved if it would violate the attorney's "more general obligation to decline representation where there is a prohibited conflict of interest").

-4-

B. <u>Conducting the Case</u>. Special counsel cannot be employed to represent the trustee in conducting the case. According to *Collier on Bankruptcy*:

> The reference to "conducting the case" includes those matters which form part a part of the administration of the case under the Code, *e.g.*, in a reorganization case, assisting in the formulation of a plan and assisting the trustee in carrying out the required investigations; in a liquidation case, examining the validity of liens and claims, and collecting the assets of the estate when legal action is required.

3 *Collier on Bankruptcy* (16th ed.), ¶327.04[9][c].

The case law is in accord with *Colliers* that in a Chapter 11 case, "conducting the case" includes assisting with formulating and negotiating a plan and disclosure statement. *See In re Interstate Distribution Center Associates (A), Ltd.*, 137 B.R. 826, 833 (Bankr. D. Colo. 1992) (assisting in the construction of a Chapter 11 plan and disclosure statement is clearly beyond the scope and intent of § 327(e)); *In re Tidewater Memorial Hospital, Inc.*, 110 B.R. 221, 227-28 (Bankr. E.D.V.A. 1989) (court denied § 327(e) application after finding that proposed counsel was to assist debtor with plan of reorganization, saying that "special purpose to be served by counsel appointed under § 327(e) must not be related to the debtor's reorganization since this is tantamount to representing the debtor in the conduct of the case"); *In re Imperial Corp. of America*, 181 B.R. 501, 506 (Bankr. S.D. Cal. 1995) (plan strategizing and plan drafting were beyond the scope of special counsel duties). *Cf. In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 407 (D. Del. 2005) (proposed special counsel could be employed because its duties did not include assisting in negotiating, formulating, finalizing or seeking confirmation of a plan).

Liquidation of the estate is also considered conducting the case. *See In re Polaroid Corp.*, 424 B.R. 446, 452 (Bankr. D. Minn. 2010) (special counsel may not

-5-

advise the trustee on liquidation and distribution of the estate); *In re Running Horse,* 371 B.R. at 453 (conducting the case includes liquidation of the debtor's assets).

Finally, courts have held that special counsel may not be employed to assist the trustee in the claims objection process. *Neuman*, 138 B.R. at 685-86 (denying law firm's application to be special counsel under Section 327(e) where services called for former debtor's attorney to investigate and object to government claims); *In re First American Health Care of Georgia, Inc.,* 1996 WL 33404562, at *6 (Bankr. S.D. Ga. 1996) (objecting to claim is part of conducting the case, so special counsel cannot be retained for that purpose).

Here, it is clear that if the Motion were granted the Davis Firm would represent the Trustee in conducting the case. Drafting and seeking confirmation of the Liquidating Plan, drafting and seeking approval of the 363 Motion, litigating the Temporary Allowance Motion, and objecting to the Ad Hoc Committee's Plan all are related, and are all plainly part of the Trustee's duties to conduct the case. It is hard to think of clearer examples of activities that may *not* be undertaken by special counsel.

The Davis Firm is not eligible for employment under § 327(a) because its large administrative expense claim, together with its continued representation of the debtor, mean that it is not "disinterested." *See, e.g. In re Southern Kitchens, Inc.*, 216 B.R. 819, 826 (Bankr. D. Minn. 1998); *In re DeVlieg, Inc.,* 174 B.R. 497, 502 (N.D. Ill. 1994) (debtor in possession's counsel, with a major administrative claim, is not disinterested). Counsel who are not disinterested cannot bypass § 327(a), while seeking to perform general bankruptcy work, by obtaining employment under § 327(e). *In re Congoleum*

*Corp.*, 426 F.3d 675, 692 (3d Cir. 2005); *Tidewater,* 110 B.R. at 227-28; *Neuman,* 138 B.R. at 686 (citing *Tidewater*).

   B. <u>Adverse Interest Representation</u>. Section 327(e) also requires that the special counsel not "represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." The Motion should be denied because this requirement has not been met. This case could result in full payment to creditors, leaving a surplus for the Debtor.[1] Because of potential solvency, the Debtor has standing in the case, is an interested party, and like secured and unsecured creditors, constitutes an "interest adverse" to the estate. As discussed in *In re McCorhill Pub., Inc.,* 89 B.R. 393, 396 (Bankr. S.D.N.Y. 1988):

> The Chapter 11 trustee's authority to conduct the debtor's business and to manage the estate, primarily for the creditors, does not mean that the Chapter 11 debtor's interests are totally divested. In addition to having standing to file a reorganization plan, the debtor has a pecuniary interest in the equity of the estate if all the creditors can be paid in full, or if each class of impaired claims accepts the plan in accordance with 11 U.S.C. § 1129(a)(8)(A), so that the debtor may retain an equity interest. In such case, the Chapter 11 debtor possesses a direct pecuniary interest in the estate which would not implicate the rights of the Chapter 11 trustee, whose primary function is to protect the creditors' interests in the estate.

*See also In re Vebeliunas,* 231 B.R. 181, 190 (Bankr. S.D.N.Y. 1999), appeal dismissed, 246 B.R. 172 (S.D.N.Y. 2000) (debtor is a party in interest in a chapter 7 case is there is a chance of solvency); *In re Hutchinson,* 5 F.3d 750, 756 (4th Cir. 1993) (party in interest is generally understood to include all persons whose pecuniary interests are affected by the bankruptcy proceedings); *In re Gulph Woods Corp.,* 116 B.R. 423, 429 (Bankr. E.D. Pa. 1990) (debtor has standing to object to a claim if disallowance may result in a solvent estate).

---

[1] For example, Debtor's schedules (filed by the Davis Firm) show net equity in the estate of about $1,500,000. The Court does not know the likelihood this will be a surplus estate.

Just as it is clear that the Debtor remains an interested party in this case despite the appointment of the Trustee, it is clear that the Davis Firm continues to represent the Debtor. The Trustee's argument that the Davis Firm automatically stopped representing the Debtor when the Trustee was appointed is without merit. Examples are legion of debtor's counsel seeking to be compensated from the estate for work done after the appointment of a Chapter 11 trustee. *See e.g. In re NRG Resources, Inc.,* 64 B.R. 643 (W.D. La. 1986) (discussing whether work done by debtor's counsel after the appointment of a Chapter 11 trustee is compensable from the estate); *In re Pro-Snax Distributors, Inc.,* 157 F.3d 414 (5th Cir. 1998) (addressing whether work of debtor's counsel done after appointment of a Chapter 11 trustee was compensable from the estate). *See generally Lamie v. U.S. Trustee,* 540 U.S. 526 (2004) (ruling that debtor's counsel may not be paid from the estate for work done after conversion of the case to Chapter 7, even though such counsel continued to represent the debtor). These cases confirm the obvious point that both the Debtor and its attorney-client relationship with the Davis Firm survived the Trustee's appointment.[2] While the Debtor was no longer a debtor in possession after June 24, 2013, the Debtor did not cease to exist, and the Davis Firm's representation of the Debtor continued as before, except that the estate was no longer liable to pay the Davis Firm's post-appointment attorney fees. The Trustee's novel theory that the Davis Firm's former client disappeared on June 24, 2013, taking with it any conflicts of interest, must be rejected.

---

[2] It is worth noting that the order approving the Davis Firm's employment by the Debtor, doc. 40, uses the term "debtor" at least 15 times, but never mentions or refers to the "debtor in possession." Further, 11 U.S.C. §1101(1) defines "debtor in possession" as the debtor, unless a qualified trustee has been appointed.

-8-

Section 327(e) does not allow the Trustee to retain Debtor's current counsel where, as here, the Debtor may still have an interest in the estate. Both the competing plans and the Temporary Allowance Objection could directly affect the Debtor, so there is an "adverse interest . . . with respect to the matter on which such attorney is to be employed." *See, e.g., In re Interstate Distribution Center Associates Ltd.,* 137 B.R. 826, 832 (Bank. D. Colo. 1992) (multiple representations by proposed special counsel of the debtor and related entities is an adverse interest under Section 327(e)).

Further, in situations where the interests of the Debtor (the Davis Firm's current client) may be adverse to those of the Trustee (the Davis Firm's proposed new client), the Davis Firm cannot take on the new representation unless the Debtor "gives informed consent, confirmed in writing." Rule 16-107(B)(4) of the New Mexico Rules of Professional Conduct. Even if the Debtor were a former client of the Davis Firm, its written informed consent would have to be obtained, since the Trustee's interests (e.g. the desire to sell estate assets for $2,500,000) are materially adverse to those of the Debtor. Rule 16-109(A) of the New Mexico Rules of Professional Conduct. No such consent has been given. Following *Neuman*, the Court does not believe it would be appropriate to approve the retention of § 327(e) special counsel when it appears that the counsel has a prohibited conflict of interest. *See also In re Southern Kitchens, Inc.*, 216 B.R. at 829 (employment under § 327(e) denied where counsel would be required to evaluate whether to sue a former client).

-9-
Case 12-13558-t11    Doc 244    Filed 08/02/13    Entered 08/02/13 12:57:31 Page 9 of 10

III.  CONCLUSION

The Court finds that the Motion should be denied for the reasons set out above. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law under Fed.R.Bankr.P. 7052.  A separate order will be entered.

_____
David T. Thuma
United States Bankruptcy Judge

Entered On Docket:  8/2/13

Copy to:

Paul M Fish
P.O. Box 2168
Albuquerque, NM 87103-2168

Robert L. Finch
555 E. Main Street
Farmington, NM 87401-2742

William F. Davis
6709 Academy NE, Suite A
Albuquerque NM 87109 (505) 243-6129

Bonnie Gandarilla
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109 (505) 242-1218

Nancy Cusack
218 Montezuma
Santa Fe, NM 87504

James C. Jacobsen
111 Lomas NW, Suite 300
Albuquerque, New Mexico 87102-2368

Manuel Lucero
P.O. Box 607
Albuquerque, New Mexico 87103

Kirk A. Kennedy
515 Louisiana, Suite 200
Houston, Texas 77002

Alice N. Page
P.O. Box 608
Albuquerque, NM 87103